The Honorable Ronald Leighton

FILED_____LODGED
_____RECEIVED

MAY 1 3 2005

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiffs,

    v.

CENTRAL PARK LODGES LONG TERM
CARE, INC., d/b/a LINDEN GROVE HEALTH
CARE CENTER,

        Defendant.

LORRAINE MOORE, CATHY WISE, KESHA
GANTT, SADARAH YARBROUGH,
BARBARA BERSHELL, VERONICA BRADY,
and NORMA BALLARD,

        Plaintiffs in Intervention,

    v.

CENTRAL PARK LODGES LONG TERM
CARE, INC., d/b/a LINDEN GROVE HEALTH
CARE CENTER; DONNA STROMSKI,
individually and the marital community thereof
with JOHN DOE STROMSKI; MARIETTA
ANDREASEN, individually and the marital
community thereof with JOHN DOE
ANDREASEN, and DOES 1-10 inclusive,

        Defendants in Intervention.

No. C04-5627 RBL

[PROPOSED] FINAL ORDER
APPROVING CONSENT DECREE

04-CV-05627-ORD

[PROPOSED] ORDER APPROVING CONSENT DECREE
(C04-5627)
SEA 1641643v1 65941-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

## I.   INTRODUCTION

This is an employment discrimination case brought by the EEOC and Lorraine Moore, Cathy Wise, Kesha Gantt, Sadarah Yarbrough, Barbara Bershell, Veronica Brady, and Norma Ballard (the "Class Representatives"), on behalf of themselves and other non-white caregivers, against Central Park Lodges Long Term Care, Inc. d/b/a Linden Grove Health Care Center ("Linden Grove") and Donna and John Doe Stromski and Marietta and John Doe Andreason (the "Defendants In Intervention"). The parties have agreed to enter into a consent decree (the "Consent Decree") which would settle the case. For the settlement to proceed, the Court must (1) certify that the case meets the requirements for a class action outlined in Fed. R. Civ. P. 23(a) and (b), and (2) approve the terms of the settlement as fair and reasonable pursuant to Fed. R. Civ. P. 23(e).

## II.   FINDINGS OF FACT AND RULING

Having reviewed the parties' Joint Motion For Final Approval of Consent Decree, the accompanying declarations of Holly M. Hearn, Kathryn Olson and Artis C. Grant, Jr., the previously filed Proposed Consent Decree and other pleadings filed in the above referenced action, and having heard from the parties at the Fairness Hearing on May 13, 2005, the Court now finds and rules as follows:

1.   Certification of the Class.

a.   The Court finds that the first requirement of Fed. R. Civ. P. 23(a), that the number of class members be so great that joining all of them would be impracticable, is met. There is no dispute that for monetary purposes, the settlement class is comprised of 150 current and former non-white employees who were employed as full-time or part-time caregivers at Linden Grove's Puyallup facility between November 15, 2000 and November

[PROPOSED] ORDER APPROVING CONSENT DECREE
(C04-5627) — 1
SEA 1641643v1 65941-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1  15, 2004, except those who have filed a timely request to opt out of the monetary

2  provisions of the Consent Decree. For purposes of the equitable and declaratory relief, the

3  Settlement Class consists of all non-white employees of Linden Grove who were employed

4  as a full time or part time caregiver at Linden Grove's Puyallup facility at ay time during

5  the period November 15, 2000 through November 15, 2004, *or* any non-white employee of

6  Linden Grove employed as a full time or part time caregiver at Linden Grove's Puyallup

7  facility at any time during the term of the Decree.

8          b.      The Court finds that there are questions of law and fact common to the class

9  as required by Fed. R. Civ. P. 23(a)(2). The EEOC and Class Representatives allege that

10  the Class Representatives and other similarly situated individuals, i.e. the Settlement Class

11  members, were subjected to race discrimination in violation of Title VII of the Civil Rights

12  Act of 1964, as amended, 42 U.S.C. § 2000 et seq., Section 1981 of the Civil Rights Act of

13  1866, 42 U.S.C. § 1981, as amended, and the Washington Law Against Discrimination,

14  RCW 49.60 et. seq., on the basis of allegations of failure to promote, less desirable work

15  assignments and shifts based on race, racial harassment by co-workers and residents and

16  management honoring the racial preferences of some Linden Grove residents.

17          c.      The Court finds there is typicality among the claims and defenses of the

18  parties as required by Fed. R. Civ. P. 23(a)(3). The Class Representatives' claims are

19  reasonably co-extensive with those of absent Class members, who are also non-white

20  caregivers of Linden Grove residents. Linden Grove's defenses are typical of those that

21  would be raised if each Class member came forward separately, without significant factual

22  deviation.

23

[PROPOSED] ORDER APPROVING CONSENT DECREE
(C04-5627) — 2
SEA 1641643v1 65941-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1    d.      The Court finds that the Class Representatives do not have any conflicts of
2    interest with absent Class members and that Class Counsel, Grant & Associates, are able to
3    provide adequate representation to protect the interest of absent class members as required
4    by Fed. R. Civ. P. 23(a)(4).

5    e.      The Court finds that questions of law and fact common to the members of
6    the class predominate over any questions affecting only individual members and that a
7    class action is superior to other available methods for the fair and efficient adjudication of
8    this dispute, particularly given the substantial equitable relief provided for in the Consent
9    Decree.  It is therefore appropriate to certify the class in this case pursuant to Fed. R. Civ.
10   P. 23(b)(3).

11   2.      Fairness and Reasonableness of the Decree.

12   a.      As a preliminary matter, the Court finds that that the notice procedure
13   employed by the parties – a first class mailing to all Settlement Class members that
14   included a notice previously approved by the Court, a claim form, and an opt out form –
15   was adequate.

16   b.      The parties do not dispute and the Court finds that further litigation would
17   be complex, time consuming and expensive.  Counsel for the parties have already spent
18   hundreds of hours investigating and defending EEOC charges filed by the Class
19   Representatives and conducting this litigation.  Substantial formal discovery has yet to
20   occur, which would result in additional burden and expense.  Trial would not occur until
21   2006 and then, plaintiffs may recover nothing or little on their claims.  These factors
22   strongly favor adopting the Consent Decree.

23

[PROPOSED] ORDER APPROVING CONSENT DECREE
(C04-5627) — 3
SEA 1641643v1 65941-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1    c.    The Court finds the total monetary relief provided for in the Consent Decree

2    to be fair and reasonable.  The Consent Decree will award the Class Representatives

3    $270,000 to be distributed among them based on a negotiated schedule, and will award

4    Class members who establish claims ("Eligible Claimants") up to $100,000 to be

5    distributed among them based on an individualized assessment of their claims.  Based on

6    the parties' evaluations of claim forms received as a result of the notice mailing, twenty-

7    one (21) Eligible Claimants will receive approximately $4,761.90 each if they return a

8    signed release form to Class Counsel.[1]

9    d.    The Court finds that the claims determination process set forth in the

10   Consent Decree is fair and reasonable, and provides for an individualized assessment of a

11   Class member's claim.  Class Counsel made the initial determination of the value of the

12   claims submitted by Class members.  Those determinations have not been disputed by

13   Counsel for Linden Grove and the Defendants in Intervention.

14   e.    The Court finds that the Consent Decree provides significant and valuable

15   equitable and injunctive relief to the Settlement Class which is tailored to address concerns

16   raised by the EEOC and the Class Representatives.  That relief includes training, records-

17   expungement, revised EEO responsibilities for managers and supervisors, staff and

18   resident diversity appreciation activities, new measures to increase awareness of

19   promotional opportunities among Linden Grove staff, and a notice posting affirming

20   Linden Grove's legal responsibility not to discriminate based on race, sex, color, religion,

21   national origin, age or disability and legal responsibility not to retaliate against any

22

23
---
[1] Pursuant to the Consent Decree, this anticipated payment amount may decrease if the Eligible Claimants seek reimbursement for attorneys' fees incurred as a result of having their release agreements reviewed.

[PROPOSED] ORDER APPROVING CONSENT DECREE
(C04-5627) — 4

SEA 1641643v1 65941-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1   employee for exercising his or her rights under the law.  To ensure compliance with these

2   equitable provisions, reporting requirements are also set forth in the Decree.

3        f.     The Court finds that the fees and expenses to be paid to Class Counsel were

4   negotiated at arm's length by the parties and, as set forth below, are fair and reasonable

5   given the experience of Class Counsel and the work performed in connection with the

6   litigation.

7        g.     The Court finds that the parties have gathered sufficient information as a

8   result of investigating and defending Ms. Moore's, Ms. Wise's and Ms. Gantt's EEOC

9   charges and having engaged in two full days of mediation to make an informed settlement

10   decision.  The lack of further formal discovery does not weigh against approving the

11   Consent Decree.

12        h.     The Court finds that there is no dispute among the parties regarding the

13   reasonableness and fairness of the terms of the Decree.  Furthermore, only two Class

14   members opted out of the settlement, there were no objectors to the Decree, and it was

15   negotiated by experienced counsel, at arm's length, with the help of an outside mediator.

16   The Court therefore finds that on the whole, the Consent Decree is fair and reasonable.

17        3.     The Attorneys' Fee Award.

18        Under the Decree, Linden Grove will pay Class Counsel Grant & Associates

19   $125,000 in fees and $5,000 in costs for its work through the approval of the Decree and

20   for supervising the implementation of the Decree and performing other post-approval

21   work.  The Court finds this amount is reasonable and fair compensation to Class Counsel.

22   The amount is roughly one-third the amount of the Settlement Fund set aside by Linden

23   Grove; a percentage typical of that charged by plaintiff's counsel in contingent fee

[PROPOSED] ORDER APPROVING CONSENT DECREE
(C04-5627) — 5

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1  employment cases. The EEOC will not receive an award of fees or costs under the

2  Consent Decree.

3                      **III.    CONCLUSION**

4        The factors outlined above support the Court's approval of the Consent Decree.

5  The Decree as a whole provides a fair, adequate and reasonable resolution of the Class

6  Representatives and Class members' claims. The Court determines that the Settlement

7  Class shall be certified pursuant to Fed. R. Civ. P. 23 (a) and (b) and approves the Consent

8  Decree pursuant to Fed. R. Civ. P. 23 (e).

9        DONE IN OPEN COURT this 13th day of May 2005.

10

11                                    The Honorable Ronald Leighton
                                      United States District Judge

12

     Jointly presented by:

13

14   Equal Employment Opportunity Commission      Davis Wright Tremaine LLP
                                                   Attorneys for CPL (Delaware) LLC, d/b/a
15                                                 Linden Grove Health Care Center and
     /s/ Kathryn Olson                             Defendants in Intervention Donna Stromski and
16   A. Luis Lucero                                John Doe Stromski and Marietta Andreasen
     Kathryn Olson                                 and John Doe Andreasen
17   Damien A. Lee

18   Equal Employment Opportunity Commission      By /s/ Holly Hearn
     Seattle District Office                          Michael Reiss, WSBA #10707
19   909 First Ave., Ste. 400                         Holly Hearn, WSBA #26795
     Seattle, WA 98104
20   Tel. (206) 220-6895                              Davis Wright Tremaine LLP
     Fax (206) 220-6911                               1501 Fourth Ave., Ste. 2600
21   Email: kathryn.olson@eeoc.gov                    Seattle, WA 98101
     Email: damien.lee@eeoc.gov                       Tel. (206) 628-7675
22                                                    Fax (206) 903-3775
                                                      Email: hollyhearn@dwt.com
23                                                    Email: mikereiss@dwt.com

     [PROPOSED] ORDER APPROVING CONSENT DECREE                    Davis Wright Tremaine LLP
     (C04-5627) — 6                                                    LAW OFFICES
     SEA 1641643v1 65941-1                              2600 Century Square · 1501 Fourth Avenue
                                                            Seattle, Washington 98101-1688
                                                        (206) 622-3150 · Fax: (206) 628-7699

1    Law Offices of GRANT & ASSOCIATES

2    Attorneys for Lorraine Moore, Cathy Wise,
     Kesha Gantt, Sadarah Yarbrough, Barbara

3    Bershell, Veronica Brady, Norma Ballard
     and Pamela Blakey

4

5    By /s/Artis C. Grant, Jr.
        Artis C. Grant, Jr. WSBA #26204

6        Roxanne Rarangol, WSBA # 30304

7        Law Offices of GRANT &
       ASSOCIATES

8        The Law Dome
       3002 South 47th St.

9        Tacoma, WA 98409
       Tel. (253) 472-6213

10       Fax (253) 473-9695
       Email: agrant@lawdome.com

11

12

13

14

15

16

17

18

19

20

21

22

23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699