1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                  AT TACOMA

8
EQUAL EMPLOYMENT OPPORTUNITY
9    COMMISSION,                                    Case No.  C04-5627  RBL

10                      Plaintiffs,

11          v.
                                                    CONSENT DECREE AND ORDER OF
12   CENTRAL PARK LODGES LONG TERM                   DISMISSAL
     CARE, INC., d/b/a LINDEN GROVE
13   HEALTH CARE CENTER,

14                      Defendant.

15   LORRAINE MOORE, CATHY WISE,
     KESHA GANTT, SADARAH
16   YARBROUGH, BARBARA BERSHELL,
     VERONICA BRADY, and NORMA
17   BALLARD,

18                      Plaintiffs in Intervention,

19          v.

20   CENTRAL PARK LODGES LONG TERM
     CARE, INC., d/b/a LINDEN GROVE
21   HEALTH CARE CENTER; DONNA
     STROMSKI, individually and the marital
22   community thereof with JOHN DOE
     STROMSKI; MARIETTA ANDREASEN,
23   individually and the marital community thereof
     with JOHN DOE ANDREASEN, and DOES
24   1-10 inclusive,

25                      Defendants in Intervention.

26

27

28

**TABLE OF CONTENTS**

I.      INTRODUCTION AND LITIGATION BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.     NON-ADMISSION OF LIABILITY AND NON-DETERMINATION BY THE
        COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.    JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

IV.     SETTLEMENT SCOPE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

V.      DEFINITION OF TERMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

VI.     BINDING EFFECT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VII.    RELEASE OF CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VIII.   OPT OUT PROCESS AND EFFECT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

IX.     MONETARY RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

X.      ATTORNEY'S FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

XI.     ADMINISTRATION OF CLASS SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

XII.    AFFIRMATIVE AND OTHER RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

XIII.   ENFORCEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XIV.    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

XV.     EFFECTIVE DATE, DURATION AND TERMINATION . . . . . . . . . . . . . . . . . . . . . . . 19

XVI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**EXHIBITS TO CONSENT DECREE** (not attached to Consent Decree signed by Judge)

A       Opt Out Form
B       Class Representative Release Form
C       Schedule of Payments to Class Representatives
D       Claim Form
E       Notice & Summary of Claims to Class Members
F       List of Class Members
G       Class Member Release Form
H       EEOC Posting Notice for Linden Grove facility

## INTRODUCTION AND LITIGATION BACKGROUND

1.      This civil action originated with discrimination charges filed with the U.S. Equal Employment Opportunity Commission ("EEOC") by Lorraine Moore, Cathy Wise, and Kesha Gantt, alleging that Central Park Lodges, Inc., d/b/a Linden Grove Healthcare Center in Puyallup, WA ("Linden Grove") discriminated against them based on their race in violation of § 703 of Title VII, 42 U.S.C. § 2000e-2 et seq.

2.      The EEOC investigated Ms. Moore's charge and sent Linden Grove a May 25, 2004 Letter of Determination ("LOD") finding reasonable cause that it had violated Title VII.  Similarly, the EEOC investigated Ms. Wise's charge and sent Linden Grove a May 25, 2004 LOD finding reasonable cause that it had violated Title VII regarding her non-promotion in May 2003, and regarding her work assignments in December 2003 and January 2004.  Lastly, the EEOC investigated Ms. Gantt's charge and sent Linden Grove a May 25, 2004 LOD finding reasonable cause that it had violated Title VII regarding her work assignments in December 2003 and January 2004.

3.      On September 28, 2004, the EEOC filed a lawsuit (the "Civil Action") based on these charges of discrimination, alleging that Linden Grove had discriminated against Ms. Moore, Ms. Wise and Ms. Gantt and similarly situated individuals with regards to race-based work assignments.  The EEOC also alleged that Linden Grove had discriminated against Ms. Wise based on her race when she was not promoted, and subjected Ms. Gantt to harassment based on her race.

4.      On October 18, 2004, Ms. Moore, Ms. Wise and Ms. Gantt, along with Sadarah Yarbrough, Barbara Bershell, Veronica Brady and Norma Ballard, joined in the Civil Action as Plaintiffs in Intervention, naming Linden Grove, Donna Stromski and John Doe Stromski, Marietta Andreasen and John Doe Andreasen, and Does 1-10 as Defendants in Intervention.  On or about November 10, 2004, Pamela Blakey, represented by the Law Offices of GRANT & ASSOCIATES, indicated her intention to join the Civil Action as a Plaintiff in Intervention.  Ms. Moore, Ms. Wise, Ms. Gantt, Ms. Yarbrough, Ms. Bershell, Ms. Brady, Ms. Ballard, and Ms. Blakey are referred to hereafter as the "Class Representatives."

5.      On July 30, 2004, the EEOC, Linden Grove, Ms. Stromski, Ms. Andreasen and Ms. Moore, Ms. Wise, Ms. Gantt, Ms. Yarbrough, Ms. Bershell and Ms. Brady participated in an arms-length

mediation with mediator Teresa Wakeen.  The parties mediated again with Ms. Wakeen on November 15, 2004, joined by Ms. Ballard and Ms. Blakey.   In addition, counsel for Linden Grove, Defendants in Intervention, the EEOC and the Class Representatives have conducted arms-length settlement negotiations in and among themselves.  The parties believe these discussions, the EEOC's investigations in connection with the charges of Ms. Gantt, Ms. Wise and Ms. Moore, and further inquiries by counsel to potential class members prior to the July 30, 2004 and November 15, 2004 mediations, are sufficient to adequately assess the relative strengths and weaknesses of the respective parties' positions, and to compromise the issues addressed by this Consent Decree on a fair and equitable basis.  As a result of the mediation, the EEOC, the Class Representatives, Linden Grove and the Defendants in Intervention have agreed to conclude all claims without expending further resources in contested litigation by means of this [Proposed] Consent Decree and Order of Dismissal (this "Consent Decree").

6.     With respect to the Civil Action that the EEOC and the Class Representatives have brought against Linden Grove and the Defendants in Intervention, the parties have agreed as follows:

a.     The Class Representatives and the EEOC will proceed to effect resolution of the Civil Action consistent with the terms of this Consent Decree, and will pursue prosecution of that action only in the event that this Consent Decree does not become effective under the terms and conditions set forth below.

b.     The Class Representatives and the EEOC will take all necessary and reasonable steps to facilitate adoption of the Consent Decree by the District Court without the need for Linden Grove or the Defendants in Intervention to answer the Class Representatives' civil complaint or otherwise participate in the litigation process (other than in support of the District Court's adoption of the Consent Decree).

c.     It is the intention of the parties that this Consent Decree will serve as the final judgment in the Civil Action.

## II.  NON-ADMISSION OF LIABILITY AND
## NON-DETERMINATION BY THE COURT

7.      Linden Grove and the Defendants in Intervention expressly deny the validity of the Class Representatives' claims and the EEOC's claims.  This Consent Decree is not an adjudication or finding on the merits of the Class Representatives' claims and the EEOC's claims or this case and shall not be construed as an admission by Linden Grove or the Defendants in Intervention of a violation of Title VII. This Consent Decree will not be used as evidence of liability or for purposes of *res judicata* or collateral estoppel in any legal proceeding against Linden Grove or the Defendants in Intervention.  Neither the agreement to enter this Consent Decree, nor the Consent Decree itself, will be admissible in any proceeding as an admission by Linden Grove or the Defendants in Intervention of any violation of, failure to comply with, interference, retaliation or obstruction of compliance with Title VII or any other employment law or order.  Linden Grove and the Defendants in Intervention have voluntarily entered into this Consent Decree in order to terminate any pending litigation and to focus on their continuing commitment to high quality resident care and the fair and non-discriminatory treatment of Linden Grove's employees.

## III. JURISDICTION AND VENUE

8.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The employment practices alleged to be unlawful in the Civil Action herein occurred within the jurisdiction of the United States District Court for the Western District of Washington at Tacoma.

## IV. SETTLEMENT SCOPE

9.   This Consent Decree is the final and complete resolution of all claims of allegedly unlawful discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII") by the EEOC against Linden Grove and all complaints of allegedly unlawful discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended ("Section 1981"), and the Washington Law Against Discrimination, RCW § 49.60 et seq. ("the Washington Statute") by the Class Representatives and Settlement Class members against Linden Grove and the Defendants in Intervention, including all claims by the parties for attorney fees and costs. The scope of this Consent Decree will be limited to Linden Grove's Puyallup, WA facility. The Consent Decree resolves all issues and claims arising out of this complaint and is binding and final as to all such issues and claims except that, if any Class Member files a timely request to opt out of the monetary relief provisions of the Consent Decree, it will not be binding as to that person individually.

## V. DEFINITION OF TERMS

10.   The following terms, when used in this Consent Decree, in addition to the terms defined elsewhere in the Consent Decree, shall have the following meanings:

a.   "Approval Date" means the date upon which the Court signs this Consent Decree, after having determined that it is fair, adequate and reasonable to the Class as a whole, after:  (i) notice to the Class; (ii) an opportunity to opt out of the Settlement Class with respect to monetary relief; (iii) an opportunity to submit timely objections to the Consent Decree; (iv) appropriate discovery of the specifics of such timely objections; and (v) a hearing on the fairness of the Settlement.

b.   "Class Representatives" means Lorraine Moore, Cathy Wise, Kesha Gantt, Sadarah Yarbrough, Barbara Bershell, Veronica Brady, Norma Ballard, and Pamela Blakey, who are hereby certified by this Court to represent the Settlement Class, for settlement purposes, pursuant to Fed. R. Civ. P. 23.

c.   For purposes of the monetary relief provided in this Consent Decree, the "Settlement Class" is certified pursuant to Fed. R. Civ. P. 23(b)(3) and consists of any non-White

employee of Linden Grove who was employed as a full time or part time caregiver (registered nurse, certified nursing assistant, licensed practical nurse, physical therapist or restorative aide), at Linden Grove's Puyallup facility, at any time during the period November 15, 2000 through November 15, 2004, except those who have filed a timely request to opt out of the monetary relief provisions of this Consent Decree.

d.      "Eligible Claimant" shall include any Settlement Class member, other than a Class Representative and those who file a timely request to opt out of the monetary relief provisions of this Consent Decree, who establishes that he or she experienced discrimination based on his or her race during the Liability Period (as defined below).

e.      "Race Discrimination" or "Discrimination on the basis of Race" means unlawful discrimination against employees on the basis of their race and/or color.  Race Discrimination includes, but is not limited to:  (1) racial harassment; (2) adverse employment actions taken on account of a person's race; (3) retaliation for, in good faith, reporting, opposing, or participating in a complaint of Race Discrimination, racial harassment, and/or retaliation.

f.      "Liability Period" means November 15, 2000 through November 15, 2004.

g.      Unless otherwise indicated, "days" means calendar days.

h.      "Final Approval" means the signing of this Consent Decree on the Approval Date by the United States District Court for the Western District of Washington, <u>and</u> either (1) the expiration of the time for filing of a direct appeal from the Court's approval of the Decree without the filing of a notice of appeal, or (2) if a timely direct appeal is filed, the final resolution of that appeal (including any requests for rehearing and/or petitions for certiorari), resulting in final judicial approval of the Consent Decree.

i.      "Final Approval Date" is the date upon which Final Approval of this Consent Decree is obtained.

j.      "Settlement Proceeds" means the monies to be paid by Linden Grove to Eligible Claimants pursuant to this Consent Decree.

k.      "Linden Grove" refers to the defendant Central Park Lodges Long Term Care, Inc., d/b/a Linden Grove Health Care Center, in Puyallup, Washington.

l.     "Class Counsel" shall mean the Law Offices of GRANT & ASSOCIATES.

m.     "Court" means the United States District Court for the Western District of Washington, Tacoma Division.

n.     "Term of this Consent Decree" is the period from the Final Approval Date until the expiration of the Consent Decree pursuant to Section XV of the Decree.

## VI. BINDING EFFECT

11.     This Consent Decree, when finally approved by the Court, will constitute the full and final relief for any and all claims by the EEOC, the Class Representatives and the Settlement Class members for alleged Race Discrimination, from the time period November 15, 2000 through November 15, 2004, that were raised or could have been raised in this case, unless the Settlement Class member excludes him or herself from the individual monetary portion of the Consent Decree pursuant to Paragraph 13.

**VII. RELEASE OF CLAIMS**

12.     Upon Final Approval of this Consent Decree, Linden Grove, its parent and affiliated companies, and all of their respective past and present employees, directors, managers, agents, attorneys, successors and assigns and their marital communities (if any), including Defendants In Intervention Donna Stromski and John Doe Stromski, individually and their marital community, and Marietta Andreasen and John Doe Andreasen, individually and their marital community, shall be fully released and forever discharged from any and all individual and/or class-wide claims, demands, charges, complaints, rights and causes of action of any kind, known or unknown, by the Class Representatives, the Settlement Class, and by each member of the Settlement Class, whether seeking monetary and or affirmative or equitable relief of any sort, which arise out of or are related to any conduct within the Liability Period allegedly constituting Race Discrimination, whether under state or federal law prohibiting such alleged conduct, whether statutory, pursuant to local ordinance or at common law.[1] This release is final and shall survive the expiration of the Consent Decree's term.

**VIII. OPT OUT PROCESS AND EFFECT**

13.     Pursuant to the Court's approval of this Consent Decree, Settlement Class members shall be provided an opportunity to opt out of the monetary relief provisions of this Consent Decree by submitting to the Court within a specified period of time a "Request to Opt Out" in the form attached as Exhibit A. Each Settlement Class member who properly submits a timely Request to Opt Out, or for any other reason is permitted by the Court to opt out of monetary relief provisions of this Decree, shall be excluded from all of the Consent Decree's monetary provisions and from the Release of Claims in Paragraph 12. Those individuals are hereafter referred to as "Timely Opt Outs." Timely Opt Outs will not be eligible to receive any Settlement Proceeds.

---

[1] The jurisdiction of the EEOC in this case is limited to approving the release of claims under Title VII, 42 U.S.C. Section, 2000e-2 et seq. The EEOC does not oppose the release of other federal, state and common law claims as negotiated by counsel for Linden Grove and Class Counsel in light of Paragraph 28, which directs that Eligible Claimants will be advised of their right to seek counsel with regards to the legal effect of the release and their right to be reimbursed up to $200 if they choose to do so. The EEOC understands that the only mechanism for an individual to avoid releasing all claims is pursuant to the opt out provision of Paragraph 13.

14.     In the event that more than three (3) Settlement Class members become Timely Opt Outs, then Linden Grove and the Defendants in Intervention shall have the unilateral right to abrogate this Consent Decree, and the settlement underlying it, by delivering notice of its abrogation to Class Counsel, counsel for the EEOC and the Court within fifteen (15) days following the Court-established deadline for Settlement Class members to submit a timely Request to Opt Out.  The deadline for Linden Grove and the Defendants in Intervention to abrogate the Consent Decree will be extended further to fifteen days following the fairness hearing established by the Court if the Court permits any Settlement Class member to be deemed a Timely Opt Out even though that Settlement Class member failed to submit a timely Request to Opt Out.

15.     In the event that Linden Grove and the Defendants in Intervention exercise their right to abrogate this Consent Decree, then all aspects of this Consent Decree and the settlement underlying it, including but not limited to the provisional certification of the Settlement Class for settlement purposes only, shall be altogether null and void, and no aspect thereof shall serve either as any legal precedent or as any basis for legal or factual argument, in this or any other case.

## IX.  MONETARY RELIEF

16.     In settlement of the claims in this matter, and subject to the terms and conditions set forth below, including their execution of a release in the form of Exhibit B as specified by Linden Grove, Linden Grove agrees to pay the Class Representatives $270,000.00 in a lump sum settlement, to be divided among the Class Representatives.  Distribution of the monetary relief to the Class Representatives will occur pursuant to the schedule in Exhibit C, and shall occur no later than five (5) days after the Final Approval Date.

17.     Linden Grove further agrees to set aside Settlement Proceeds of up to $100,000.00, to be distributed after the Final Approval Date to all Eligible Claimants who present claims and are awarded a settlement allocation pursuant to the procedures and standards set forth in this Consent Decree, and who execute a release in the form specified by Linden Grove and return it to Class Counsel postmarked no later than the date set forth on the release form.  As set forth previously, Eligible Claimants do not include the Class Representatives and Timely Opt Outs.

18.     Each Eligible Claimant may be entitled to an individual share of the Settlement Proceeds of either $5,000.00 or $4,000.00 (or a pro-rated amount), up to a total of $100,0000.00.  Any Eligible Claimant who establishes that he or she directly experienced any of the incidents or circumstances set forth in questions 9(a), 10(a), 11(a), or 12(a) of the Claim Form attached as Exhibit D, or who establishes that he or she was denied a promotion or pay raise based on his or her race, or experienced other adverse action based on his or her race, in response to questions 14 or 15 of the Claim Form, will receive a share of $5,000.00.  Alternatively, any Eligible Claimant who establishes only that he or she was aware of and impacted by any of the incidents or circumstances set forth in questions 9(b), 10(b), 11(b), or 12(b) of the Claim Form, or who establishes that he or she was impacted by race discrimination in response to question 13(b) of the Claim Form, will receive a share of $4,000.00.  If the total calculation of payments available to Eligible Claimants exceeds $100,000.00, then the share of the Settlement Proceeds available to each Eligible Claimant will decrease by a pro rata share based on the size of the actual class.  Notwithstanding the size of the final class of Eligible Claimants, the actual amount of an Eligible Claimant's payment will be based on an individualized assessment of the nature and value of their claims and shall not exceed $5,000.00.

19.     Regardless of the actual amount of Settlement Proceeds allocated to Eligible Claimants who establish claims, Linden Grove agrees to pay no more than $100,000.00 but at least $60,000.00 in Settlement Proceeds in settlement of this action. In the event that the final amount of Settlement Proceeds and reimbursements for attorneys' fees paid to Eligible Claimants is less than $60,000.00, Linden Grove will make a payment from the pool of funds set aside for Settlement Proceeds equal to the difference between $60,000.00 and the payments to Eligible Claimants, in equal shares to: (a) tuition reimbursement for then-currently employed non-White employees who receive a passing grade in a course of study towards attainment of a certificate or degree in an area that will benefit the employee and Linden Grove, and (b) the Tacoma Urban League.  Linden Grove will prominently post and disseminate information about the opportunities for tuition reimbursement to currently employed non-White employees for at least one year.

20.     To file a timely claim, a Class Member must complete the Claim Form set forth as Exhibit D

to this Consent Decree, sign the claim form under penalty of perjury, have the claim notarized, and return the form to Class Counsel postmarked on or before the deadline stated in the claim form.

21.     Each Eligible Claimant who signs a Claim Form and release will also be entitled to receive reimbursement of up to $200.00 for his or her reasonable attorney's fees if he or she consults an attorney, other than Class Counsel, about the release before signing it.  A copy of the attorney's invoice must be included with the release form in order for reimbursement to be made to the Eligible Claimant.  All attorney's fees reimbursed pursuant to this section shall be paid from the Settlement Proceeds set aside by Linden Grove.

### X.  ATTORNEY'S FEES

22.     The parties have agreed that Class Counsel should receive $125,000.00 as an appropriate amount of fees and $5,000.00 for expenses and costs for bringing this action, representing the Class Representatives and Settlement Class and for administering the Settlement Fund process.  This recommended amount is subject to final approval by the Court.  The parties agree that this amount, if approved by the Court, satisfies any arguable obligation Linden Grove and the Defendants In Intervention may have to pay attorneys' fees, expenses, and/or costs to the Class Representatives, the Settlement Class (except as set forth in Paragraph 21), or on their behalf to Class Counsel for the monitoring, administration, implementation and defense of the Decree.  Payment of these fees shall be made to Class Counsel within five (5) days upon timely receipt of the last signed release from an Eligible Claimant by Linden Grove from Class Counsel.

### XI.  ADMINISTRATION OF CLASS SETTLEMENT

23.     Notice will be accomplished by means of mailing to all Class Members the form of notice evidenced by Exhibit E to this Consent Decree, accompanied by a summary of this Consent Decree, a Claim Form, a Request to Opt Out form and a pre-addressed and stamped envelope to return the Claim Form or Request to Opt Out form.  The Notice, which will provide a summary of the claims against Linden Grove, shall be mailed within ten (10) days from the date of the Court's preliminary approval of the Decree.

24.     The Notice and all accompanying documents shall be mailed by certified mail, return receipt requested, to the individuals identified on Exhibit F to this Consent Decree.  Linden Grove will bear the costs of and be responsible for mailing the Notice and accompanying documents.  For the purposes of receiving undeliverable Notices, the return address on this mailing shall be Class Counsel's business address.  Class Counsel shall be provided a list of Class Members who were sent the Notice and accompanying documents by Linden Grove, including their names, addresses, and phone number, along with a certificate attesting to the mailing of Notices by Linden Grove.

25.     Class Members will have thirty (30) days from the date Notice is mailed to respond by returning the completed claim form to Class Counsel.  If the original Notice is forwarded by the post office, then the Class Member will be provided with an additional ten (10) days to respond.   If the original Notice is returned to Class Counsel by the post office as undeliverable, Class counsel will notify Linden Grove of the undeliverable Notice within twenty-four (24) hours of receipt of the undeliverable Notice. Linden Grove has five (5) days to provide Class Counsel with alternative address and phone number, if ascertainable from Class Member's emergency contact.  Class counsel will re-send the Notice within five (5) days with a twenty-one (21) day response time.

26.     Upon receiving a timely claim, Class Counsel shall make a preliminary determination as to whether the claim is established and the value of such claim.  This determination shall be based upon the claim form submitted, and other pertinent information presented by the Class Member.  Within five (5) days of receiving the last Class Member claim form, Class Counsel shall submit its preliminary determinations of whether a claim is established and the value of such claim to counsel for Linden Grove, along with copies of the claim form submitted and any other pertinent information submitted by the Class Member.  Within seven (7) days of receiving this information, counsel for Linden Grove may challenge Class Counsel's preliminary determination of whether a claim is established and the value of such claim.  In the event there is such a challenge, counsel for Linden Grove and Class Counsel agree to use their best efforts to reach agreement as to whether the Class Member's claim is established and whether the value of the claim is $4,000.00 or $5,000.00.  In the event that Class Counsel and counsel for Linden Grove are

unable to reach agreement, Magistrate Judge Monica Benton shall determine whether the Class Member's claim is established and whether the value of the claim is $5,000.00 or $4,000.00.

27.     Within five (5) days of  Class Counsel and Counsel for Linden Grove reaching final agreement on the value of each Eligible Claimants' claim, Class Counsel will notify Eligible Claimants of their ability to obtain Settlement Proceeds, the expected amount of the Eligible Claimant's individual award and approximate date of disbursement if there is no appeal of the Court's Order giving final approval to the Consent Decree.  Eligible Claimants will also be advised to notify Class Counsel with any changes of address.

28.     Within five (5) days of the Final Approval Date, Eligible Claimants who may receive Settlement Proceeds will be notified of the amount of the individual award, and will be provided with a release in the form of Exhibit G, and a pre-addressed, stamped envelope in which to return the release to Class Counsel.  The Eligible Claimants will be advised of their right to seek counsel with regards to the legal effect of the release and their right to receive reimbursement up to $200.00 if they choose to do so.

29.     Eligible Claimants must return mail their signed releases to Class Counsel postmarked no later than 30 days after the initial mailing of releases by Linden Grove as described in Paragraph 28.

30.     Distributions of Settlement Proceeds to Eligible Claimants will occur in three (3) phases:

- Phase I:  The first payment shall occur twenty (20) days after the initial mailing of releases to Eligible Claimants.  Payment will be made to Eligible Claimants whose signed releases were received by Linden Grove from Class Counsel five (5) days prior to the Phase I distribution of Proceeds.

- Phase II:  The second payment shall occur thirty-five (35) days after the initial mailing of releases to Eligible Claimants.  Payments will be made to any Eligible Claimants whose signed releases were received by Linden Grove from Class Counsel after the Phase I distribution of Proceeds and five days prior to the Phase II distribution of Proceeds.

- Phase III:  A final payment of Proceeds will follow for all Eligible Claimants whose signed releases are received later than thirty (30) days from the initial mailing of releases by Linden Grove.

31.     Linden Grove is not required to honor the release of or distribute Settlement Proceeds to any Eligible Claimant whose release is postmarked later than thirty (30) days after the initial mailing of releases by Linden Grove.  If signed releases are not received by Class Counsel within sixty (60) days from the date the release is mailed by Linden Grove, the Eligible Claimants will have waived their rights to any Settlement Proceeds, irrespective of the date of the postmark on the mail from the Eligible Claimant containing the signed release.  Any undistributed Settlement Proceeds allocated by the parties to an Eligible Claimant shall be equally distributed to (a) tuition reimbursement and (b) Tacoma Urban League as described in paragraph 19.

## XII.  AFFIRMATIVE AND OTHER RELIEF

32.     Linden Grove, its officers, agents, and employees at its Puyallup, WA facility and all human resource professionals who provide advice and assistance to the foregoing individuals will refrain from engaging in practices which unlawfully discriminate against employees on the basis of race, and which constitute retaliation for an individual engaging in protected EEO activity.  In recognition of its obligations under Title VII, Linden Grove will institute the policies and practices set forth below.

33.     Linden Grove shall institute and carry out anti-discrimination policies, procedures and training as set forth herein for employees, supervisors and management personnel, to the extent not already established, and will provide equal employment opportunities for all employees.  Linden Grove will evaluate and, where appropriate, modify the practices of its managers and supervisors in order to prevent discrimination in employment.  Linden Grove will ensure that its managers and supervisors understand its Equal Employment Opportunity ("EEO") policies and how those policies define and identify what constitutes employment discrimination, and will make managers and supervisors personally accountable by linking their performance appraisals and compensation to the effective implementation of its EEO policies.

34.     Within one-hundred-twenty (120) days of the Final Approval Date, Linden Grove will: (a) review its EEO policy and the method and/or administrative process in which internal complaints are investigated, and revise it as necessary, to ensure that it adequately prohibits discrimination, addresses Linden Grove's obligation to provide a harassment-free work environment for its employees, and reaffirms its commitment not to retaliate against any employee for engaging in protected EEO activity, and

(b) distribute its EEO policy to all present and future employees, both management and non-management. Linden Grove will provide EEOC with a written copy of its EEO policy as part of its first semi-annual report as provided in Paragraph 46 below.

**Training**

35.     Within one-hundred-twenty (120) days of Final Approval Date, Linden Grove will develop and present to all managers, supervisors and employees at its Puyallup, WA facility and all human resource professionals who provide advice and assistance to the foregoing individuals no less than two (2) hours of face-to-face training by a qualified trainer on employment discrimination, including discrimination, racial harassment and retaliation for engaging in protected EEO activity.  The EEOC will have an opportunity to review the training materials prior to the training date.  Annually thereafter for the duration of this Consent Decree, Linden Grove will require all managers, supervisors and employees at its Puyallup, WA facility and all human resource professionals who provide assistance to the foregoing individuals to complete two (2) hours of face-to-face training by a qualified trainer on employment discrimination.

36.     Linden Grove will notify the EEOC of the completion of the training set forth in Paragraph 35 and will specify the names and job titles of the employees who participated in and completed the training as part of its semi-annual reporting to the EEOC.

**Non-Retaliation and Expungement of Records**

37.     Linden Grove will not disclose any information or make reference to any charge of discrimination or this lawsuit in responding to employment reference requests for information about any Class Member or Class Representative.

38.     Linden Grove will expunge from the personnel files of all Class Members and Class Representatives, any reference to a charge of discrimination against Linden Grove and this lawsuit.  If any Class Member or Class Representative wishes to do so, Linden Grove will permit each to review his or her personnel file within thirty (30) days after Final Approval Date to ensure that all such references have been expunged.  Linden Grove will not add any information or references to the personnel files of any Class Member or Class Representative regarding their charge of discrimination and this lawsuit after such references have been expunged.

**EEO Responsibilities of Supervisors and Management**

39.     Linden Grove will continue to advise all managers and supervisors of their duty to ensure compliance with its EEO policies, and to report any incident or complaint of discrimination or retaliation, of which they become aware.  If a manager or supervisor violates Linden Grove's EEO policies, he/she may be subject to discipline up to and including termination, and his or her compensation may be affected. Linden Grove will also remind all managers and supervisors that there will be no retaliation against any employee for reporting or relaying any incident of discrimination or retaliation under Linden Grove's EEO policy, or for participating in or conducting an investigation of such an incident.

40.     Linden Grove agrees that it shall include "commitment to equal employment opportunity" as a criterion for qualification for supervisory and management positions.

**Staff and Resident Diversity Appreciation**

41.     Linden Grove agrees to provide two (2) hours of diversity training by a qualified trainer at its cost to its managers, supervisors and employees annually.  Linden Grove also agrees to offer diversity appreciation activities to residents and/or their relatives or  persons who are legally responsible for their care at least twice annually.

42.     Linden Grove agrees to form an independent council to address issues of work assignments, quality of resident care and other related issues, consisting of:  (1) both managerial and non-managerial staff; (2) residents, relatives of residents, and/or parties who are legally responsible for their care; and (3) other knowledgeable individuals.

43.     Linden Grove agrees to provide to residents and/or their family members and responsible parties a statement which addresses Linden Grove's obligation to provide a harassment-free work environment for its employees, and reaffirms Linden Grove's commitment to assign qualified, competent caregivers without regard to an employee's race, national origin, region or handicap.

**Promotional Opportunities**

44.     Linden Grove agrees to:  (1) post and/or disseminate information about job vacancies at a designated employee area, *e.g.*, lunch or break room, for a period of no less than seven (7) days prior to making a selection for critical positions and fourteen (14) days prior to making a selection for non-critical

positions; (2) provide information to employees on how to apply for such vacancies; and (3) provide periodic individualized skill, knowledge and abilities assessments to any employee upon request in writing by a qualified supervisor or manager, including but not limited to identifying additional training and job experience necessary for the employee to qualify for a specific position(s), the means by which to obtain such training and/or experience, and a reasonable time frame for the employee to acquire such necessary training and/or experience.  Linden Grove will also commit that this individualized assessment provided to employees upon request will be used as a developmental tool, and not for disciplinary purposes.  Linden Grove also agrees that while this individual assessment may be provided at the end of an employee's performance evaluation, it is not to be used for the purpose of conducting a performance evaluation of any employee in a current position.

### Notice Posting

45.     Linden Grove will post a Notice, attached as Exhibit H to this Consent Decree.  The Notice shall be posted on a centrally located bulletin board at Linden Grove's Puyallup, WA facility for 60 days after the Final Approval Date.

### Reporting

46.     Linden Grove shall report in writing and in affidavit form to the EEOC beginning six (6) months from the Final Approval Date, and thereafter every six months for the Term of the Consent Decree the following information:

a.     Certification of the completion of training and list of attendees.

b.     Certification that its EEO policy has been sent to all current and newly hired employees as described above.

c.     A list of any changes, modifications, revocations or revisions to its EEO policies and procedures which concern or affect the subject of discrimination and retaliation.

d.     A summary of discrimination complaints, if any, filed by employees working at Linden Grove's Puyallup, WA facility which are reported to management and the resolution of each complaint; and

e.     A statement listing the other provisions of this Decree that Linden Grove is required to perform and certifying that Linden Grove has complied with the terms of the Decree.  If Linden Grove has not complied with any term of the Consent Decree, the statement will specify the areas of non-compliance, the reason for the noncompliance, and the steps taken to bring  Linden Grove into compliance.

## XIII. ENFORCEMENT

47.     If the EEOC and/or Class Counsel determines that Linden Grove has not complied with the terms of this Consent Decree, the EEOC and/or Class Counsel  will provide written notification of the alleged breach to Linden Grove.  The EEOC and/or Class Counsel will not petition the Court for enforcement of the Consent Decree for at least sixty (60) days after providing written notification of the alleged breach.  The 30-day period following the written notice shall be used by the parties for good faith efforts to resolve the dispute.

48.     No later than one year from the date of Final Approval of the Decree, Linden Grove shall file with the Court, and provide to the EEOC and Class Counsel, a final accounting of all payments made by Linden Grove pursuant to this Decree.

## XIV.  RETENTION OF JURISDICTION

49.     The United States District Court for the Western District of Washington shall retain jurisdiction over this matter for the duration of the decree.

## XV. EFFECTIVE DATE, DURATION AND TERMINATION

50.     This Consent Decree shall be in effect upon the Final Approval Date, although Linden Grove has expressed its intent to implement many of the forms of Affirmative and Other Relief described herein as promptly as reasonably possible.

51.     The provisions of this Consent Decree and the agreements herein shall remain in effect for three (3) years following the Final Approval Date.  If the Class Representatives, Class Members or EEOC petitions the Court for breach of the Decree, and the Court finds Linden Grove to be in violation of the terms of the Decree, the Court may extend the duration of the Decree.

52.     Unless extended pursuant to Section XV(51) of this Decree, the Decree shall expire without

further action by the parties at midnight on the third anniversary of the Final Approval Date.

53.     Individual releases signed by the Class Representatives and Eligible Claimants are final and shall survive the expiration of the Consent Decree's term.

## XVI. CONCLUSION

54.     The parties are not bound by any provision of this decree until it is signed by authorized representatives of each party and is entered by the Court.

DONE IN OPEN COURT this 17th day of May 2005.


_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE


Dated this 28th day of January, 2005.

Stipulated, acknowledged and agreed to by:

Equal Employment Opportunity Commission

/s/ Kathryn Olson
A. Luis Lucero
Kathryn Olson
Damien A. Lee

Equal Employment Opportunity Commission
Seattle District Office
909 First Ave., Ste. 400
Seattle, WA 98104
Tel. (206) 220-6883
Fax (206) 220-6911
Email:  kathryn.olson@eeoc.gov
Email:  damien.lee@eeoc.gov

Davis Wright Tremaine LLP
Attorneys for CPL (Delaware) LLC,
d/b/a Linden Grove Health Care Center and
Defendants in Intervention Donna Stromski and
John Doe Stromski and Marietta Andreasen and
John Doe Andreasen

By /s/ Holly Hearn
Michael Reiss, WSBA #10707
Holly Hearn, WSBA #26795

Davis Wright Tremaine LLP
1501 Fourth Ave., Ste. 2600
Seattle, WA 98101
Tel. (206) 628-7675
Fax (206) 903-3775
Email:  hollyhearn@dwt.com
Email:  mikereiss@dwt.com

1     Law Offices of GRANT &
2  ASSOCIATES

3     Attorneys for Lorraine Moore, Cathy
   Wise, Kesha Gantt, Sadarah Yarbrough,
4  Barbara Bershell, Veronica Brady, Norma
   Ballard and Pamela Blakey
5

6

7     By /s/Artis C. Grant, Jr.

8        Artis C. Grant, Jr. WSBA #26204
9        Roxanne Rarangol, WSBA #
      30304
10
         Law Offices of GRANT &
11  ASSOCIATES
      The Law Dome
12     3002 South 47th St.
      Tacoma, WA 98409
13     Tel. (253) 472-2613
      Fax (253) 473-9695
14     Email:  agrant@lawdome.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28